GAUDIN, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action filed by a third party defendant. For reasons following, we affirm the trial judge’s decree.
Renee and Emile Fernandez instituted this proceeding with a 23-page petition in *1189 the 24th Judicial District Court, naming Clearview Dodge Sales, Inc., and Gama Corporation as defendants. The pleading, entitled “Action in Redhibition and Violation of Unfair Trade Practices and Consumer Protection Laws,” states that petitioners had purchased a defective 1975 Mercury Monarch automobile from Clearview Dodge Sales for $2,117.00 and that plaintiffs had paid an additional $289.50 for an extended one-year warranty policy issued by Gama.
The Mercury had been driven approximately 56,000 miles prior to this sale and had obvious defects which Clearview Dodge Sales agreed to repair before delivery. The air conditioning unit had to be repaired, as did the front universal joint. The engine had an oil leak and the trunk leaked.
The petition reads:
“The petitioner, Renee Fernandez, purchased a 1975 Mercury Monarch, vehicle identification number 5E34F509231, from Clearview Dodge on August 13, 1980, for cash in the amount of Two Thousand One Hundred Seventeen and 00/00 ($2,117.00) together with a one year warranty from Gama Corporation for Two hundred eighty nine and 50/00 ($289.50) with checks made payable to Clearview Dodge. “Purchase order contained a list of items which defendant, Clearview Dodge agreed to repair or replace, before delivery expressly: Air conditioning, front universal joint, oil leak and trunk leak. “Purchasers accepted delivery on August 15, 1980 and noticed that the automobile was still leaking oil and the air conditioner was not blowing cold air. On Monday August 18, 1980, petitioner called the salesman, Ray Terhune, to notify him and defendant Clearview Dodge that the oil leak was still there and the air conditioning was still not working properly. Petitioners were sent to Sports & Imports to “refill freon and fix leak in motor and air conditioner.
“Petitioners picked up auto from Sports and Imports on Friday, August 22, 1980 and noticed there was a miss in the motor and that it needed a tune-up, that oil was still leaking, and that the oil needed to be changed. Petitioners had the engine tuned up and oil added at American Tire, Inc., for a cost of $48.56.
“Petitioners returned to Clearview Dodge and were sent again to Sports & Imports who fixed the automobile so that it no longer leaked oil on the ground.
“On September 3, petitioners had a car stereo installed for $153.60 which they are able to use and enjoy due to the condition of the automobile.
“On September 6, 1980 en route to Clear-view Dodge, the car’s engine would not start and new battery cables were installed with parts alone costing $28.38. Petitioners were told by Clearview Dodge to return Monday September 8, 1980.
“On Tuesday, September 9,1980, petitioners were sent by Clearview Dodge to Sports & Imports where they were told to bring it back Monday, September 15, 1980. Sports and Imports could not find the trouble and also failed to fix the leak in the trunk, which leak is still present to date. Petitioners were told to return Monday, September 29, but the car broke down on September 28 and had to be towed to L & L Auto Repairs where the Solanoid was replaced and the engine was checked over for a cost of $58.66.
“On September 30, 1980 petitioners took automobile to Marshall Brothers Lincoln-Mercury and received estimates of $1,613.00 plus tax for installation of a rebuilt block with heads or $1,665.00 plus tax for installation of a completely rebuilt engine.
“Petitioners took the estimate to Clear-view Dodge and were told by salesman Ray Terhune that it would be covered by the extended warranty. Petitioners were told to bring car in on October 8, 1980. “On October 7, 1980, petitioners were informed that their Gama warranty was cancelled or refused and that a check would be refunded to them. A copy of that notice and check are attached to the pleadings and made a part hereof. At that time, petitioners offered to tender the automobile and rescind the sale, which offer was refused.
*1190 “Petitioner has additionally purchased oil burning spark plugs from United Auto for $14.18 in an attempt to reduce the consumption of oil (approximately 2 quarts per week) and to stop the leak of oil into the spark plugs. Petitioners took automobile to Charles Anderson, a certified mechanic, who was unable to install the oil burning plugs but did fix the gas leak in the carburetor at a cost of $57.80. “Petitioners, in order to maintain the vehicle, also replaced a tire in the amount of $44.42.
“Petitioner alleges that the automobile is still burning oil at an excessive rate, the valve seals and rings are worn and engine needs replacement and the trunk still leaks and the vehicle is generally unfit for the purpose for which it was intended. “Petitioner, Rene Fernandez, has missed over two weeks of work in attempting to have repairs made on the automobile, costing her approximately $500.00 in lost wages and/or leave.
“Both petitioners have suffered mental stress and anxiety in attempting to persuade the defendants to honor their agreements in repairing the subject vehicle. In addition, petitioner, Emile Fernandez, suffers from a nervous condition, which has required surgery on two occasions, and which condition has been greatly aggravated by the anxiety resulting from the failure of defendants to honor said agreements.
“Because the defects in the automobile manifested themselves within three (3) days of the purchase, petitioners are entitled to a rescission of the sale in redhibition as per La.Civil Code Art. 2545 and a return of the purchase price and all costs incurred in maintenance of the vehicle. “For having dealt with petitioners unfairly, deceptively and in bad faith by refusing to honor the 30 day warranty which was included in the purchase price and refusing or cancelling the extended warranty almost two months after accepting payment for same, Clearview Dodge and Gama Corporation violated R.S. 51:1405 and are liable unto petitioners for treble the “actual damages” as per L.R.S. 51:1409 as well as attorney fees as per La. Civil Code Art. 2545 and L.R.S. 51:1409.”
Petitioners asked for recission of the sale or, in the alternative, that the defendants be ordered to honor the warranty contract and repair the automobile.
Clearview Dodge Sales made a third party demand on Ford Motor Company, the car’s manufacturer, under LSA-C.C. art. 2531, which, in pertinent part, reads:
“In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller ...”
Ford filed an exception of no cause of action, which was upheld by the district judge. On appeal, Clearview Dodge Sales contends that the words “shall have” in Art. 2531 give it the absolute procedural right to join Ford as a third party defendant.
Liberal rules of pleading prevail in Louisiana, and if the allegations set forth a cause of action in any pertinent respect, an exception of no cause of action must be overruled. A challenged pleading should be accorded every reasonable interpretation in favor of maintaining its legal sufficiency, thus giving the litigant an opportunity to present evidence.
However, nowhere does the instant petition state that any of the things complained of were due to faulty manufacture or design and nowhere is it suggested that Ford could be responsible as the maker of the used automobile and/or its component parts. Instead, the petition recites a cause of action against Clearview Dodge Sales and Gama for not repairing known and apparent defects, for not living up to the terms and conditions of the warranty contract and for dealing with petitioners “... unfairly, deceptively and in bad faith...” The trial judge did not believe that Ford, as the manufacturer of a six-year-old (at time of purchase), 56,000-mile automobile, should be kept in this litigation, nor do we.
*1191 True, paragraph XX mentions “redhibition” and the petition is entitled “Action in Redhibition and Violation of Unfair Trade Practices and Consumer Protection Law,” but the factual allegations of the pleading are not concerned with hidden vices or latent defects and, consequently, do not support the procedural applicability of Art. 2581.
Finally, we note that because appellants were tardy in making or attempting to make repairs, they cannot seek indemnity from Ford. See Lehn v. Clearview Dodge Sales, Inc., 400 So.2d 317 (La.App. 4th Cir.1981).
CONCLUSION
In order for Art. 2531 to be applicable as a procedural device, the original petition must make assertions that could hold the seller responsible for redhibitory defects. Otherwise, as is the case here, the manufacturer cannot be compelled to defend against a third party demand.
We affirm the maintaining of Ford Motor Company’s exception of no cause of action.
AFFIRMED.