445 So.2d 1313 (1984)
Marshall HINCHMAN, et al.
v.
George J. OUBRE, et al.
No. 83-CA-555.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 1984.
*1315 Rogers & Connelly, Jack N. Rogers, Baton Rouge, for Marshall Hinchman, plaintiff-appellant.
Steven F. Griffith, Sr., Ltd., Steven F. Griffith, Destrehan, for Julius B. Sellers, defendant-appellee.
Boggs, Loehn & Rodrigue, Charles A. Boggs, Cynthia P. Conroy, New Orleans, for George T. Oubre, defendant-appellee.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
CHEHARDY, Judge.
This is an appeal by plaintiff Marshall Hinchman from a judgment dismissing his suit on exceptions of no right and/or cause of action.
On October 24, 1975 Marshall Hinchman, individually, and Hinchman Electrical Contract Maintenance Corporation (HECMAC), a corporation wholly-owned by Marshall Hinchman, filed suit against George T. Oubre, Joe Vitrano and Ann Ackel Generos. Plaintiffs alleged abuse of process and conspiracy to defraud through use of the procedure for seizure and sale of a judgment debtor's movable property (that is, execution of a judgment by writs of fieri facias and sequestration).
On April 19, 1976 plaintiffs filed a supplemental and amending petition, adding as defendants Julius B. Sellers Jr., personally and in his official capacity as Sheriff of St. Charles Parish, two unknown deputy sheriffs sued under fictitious names, and the unknown insurance company surety for the parish officials, also sued under a fictitious name. Plaintiffs alleged further acts of abuse of legal process and conspiracy to defraud.
After long delays due to difficulty in making service on some of the defendants, apparently all defendants were served. Defendants Oubre, Generos and Sellers filed exceptions of no right and/or cause of action. The trial court denied the exceptions as to HECMAC, but granted them as to Hinchman. The basis for the ruling was the defendants' contention that Hinchman had no personal right of action or cause of action because any damages inflicted were suffered by the corporation, HECMAC, and not by Hinchman individually. From this judgment Hinchman has appealed.
(We note that a prior exception of no right and/or no cause of action filed by Oubre had been denied by the trial court. The basis for that exception, however, was that Hinchman and HECMAC had no right of action against Oubre because Oubre was Generos' attorney. Oubre had contended therein that as Generos' attorney, he owed no duty to plaintiffs which would have been violated if their allegations of misuse of process were correct. As stated above, that exception was denied and is not before us here. The present exception is based on different grounds.)
In the original petition, plaintiffs alleged that HECMAC was wholly-owned by petitioner Hinchman and leased its corporate business premises from defendant Generos; that Generos obtained a $10,650 judgment against HECMAC based on nonpayment of rent; and that, pursuant to the judgment, Generos was placed in possession of the premises and the Sheriff was ordered to seize all movable property located thereon. The plaintiffs stated,
"Using the aforesaid judgment as ostensible authority, defendants entered into an agreement and conspiracy to cheat and defraud petitioners out of all their movable property located in the aforesaid premises, to wrongfully deprive petitioners of the use of said movable property and to take said movables away from petitioners for a small fraction of their actual value."
The plaintiffs further averred that George T. Oubre undertook to carry out the aforesaid acts against petitioners "[a]cting pursuant to the aforesaid agreement with defendant Generos and as her attorney and her agent." The wrongful acts alleged are that defendant Oubre obtained an appraisal of the property which was far below its actual value; that defendants attempted to sell the seized property based on the allegedly low appraisal; that this attempt was "a patent and obvious attempt to defraud and cheat petitioners *1316 out of the true value of their property using the legal process of the Court as a means to carry out their dishonest ends."
Plaintiffs asserted that pursuant to the alleged conspiracy and agreement,
"[D]efendant George T. Oubre, still acting as attorney and agent for defendant Generos, and with her full knowledge and consent, directed and procured defendant Deputy Joe Vitrano * * * to go to the home of petitioner Marshall Hinchman and take the serial numbers and license numbers off all the trucks, motor vehicles and boats parked there, for the purpose of including them in the Court-Ordered sheriff's sale of movables supposedly located in the aforementioned premises [i.e., the leased premises] * * *, which was again a patent and obvious attempt to defraud and cheat petitioners out of their property using the legal process of the Court."
Hinchman and HECMAC further alleged that they subsequently obtained a court order dissolving the seizure and releasing the property to them. However, they stated, when they attempted to retrieve the property a considerable amount of it had disappeared. They alleged employees of the Sheriff failed to maintain the seized property in a safe and secure condition, because the Sheriff's deputies allowed a business competitor to examine business records and thus learn valuable business secrets; that the Sheriff and his deputies allowed part of the seized property to be removed from the leased premises, that some of the property thus removed disappeared and was never returned, and other property returned had been damaged and rendered useless.
Regarding the damages suffered by Hinchman personally, the petitioners alleged in the original petition:
"As a direct and proximate result of the aforesaid wrongful acts of defendants, petitioner Marshall Hinchman has suffered substantial embarrassment, loss of income, loss of use of movable property, loss of business contacts, loss of security and privacy of business records to competitors and gross harassment and inconvenience and damages [in the total amount of $50,000.00]."
In the supplemental and amending petition, Hinchman averred,
"In addition to the above, petitioner Marshall Hinchman, the sole owner of HECMAC suffered as a direct and proximate result of the above described wrongful and/or negligent acts of defendants considerable pain, suffering, mental anguish, inconvenience and embarrassment, and was damaged thereby in the amount of Ten Thousand and No/100 ($10,000.00) Dollars, for which sum defendants Generos, Sellers, Doe, Smith and XYZ Insurance Company are liable in solido unto petitioner Marshall Hunchman [sic]."
We note, apart from the other issues, that the district court's judgment is incorrect in one respect, as to its form. The judgment states broadly, "[T]he suit brought on behalf of Marshall Hinchman, et al., and against George Oubre, J.B. Sellers, and Ann Ackel Generos is dismissed with prejudice." This language appears to dismiss not only Hinchman's claim but also HECMAC's claim. The reasons for judgment, however, make clear that the court intended to dismiss only Hinchman's claim. The corporation is entitled to continue the litigation. The miswording of the judgment was an oversight and the judgment should be amended to correct it.
The real question before us is whether Hinchman established he has a personal right of action, and if so whether his petition states a cause of action against the defendants.
The district court adopted as its reasons for judgment the memorandum in support of the exceptions filed by the defendants. (Actually, only defendant Oubre filed a memorandum, which was then adopted by defendants Generos and Sellers.) The major thrust of that memorandum was that Hinchman's claims for damages were actually claims for damages suffered by his corporation, HECMAC, and therefore he has no right of action personally.
*1317 This contention is partly correct. The debts and obligations due to a corporation are not due to the individuals who compose its membership. LSA-C.C. arts. 435, 436, 437; Texas Industries, Inc. v. Dupuy & Dupuy Develop., Inc., 227 So.2d 265 (La.App. 2 Cir.1969). If a corporation has sustained a loss then only that corporation can sue to recover it. Afeman v. Insurance Company of North America, 307 So.2d 399 (La.App. 4 Cir.1975). A person who conducts business in corporate form and reaps the benefits of incorporation cannot sue individually for damages incurred by the corporation. Mahfouz v. Ogden, 380 So.2d 646 (La.App. 1 Cir.1979).
Marshall Hinchman's claims for damages for loss of income, loss of business contacts, and loss of security and privacy of business records are damages directly suffered by the corporation. Any such losses he has suffered are indirect, as a stockholder. Accordingly, he may not recover for these damages himself.
However, regarding his claims for loss of movable property and loss of use of movable property, and resulting mental anguish and inconvenience, certainly he has a right to recover those losses as to any personal property he had on the premises, if he is able to prove any of the seized property belonged to him individually rather than to the corporation.
Defendants have cited certain deposition testimony in support of their contention that Hinchman had no personal property on the premises and therefore has no individual right to recover for the seized property. That testimony simply establishes that Hinchman and the other witnesses were unable to prove, at the depositions, who owned the various movables involved because they did not have their records available. Hinchman still has the right to prove his individual ownership at trial.
Regarding the exception of no cause of action, defendants argue that the relevant portions of the petitions are mere conclusionary allegations, without specific facts to support them. We agree. Referring to the relevant allegations, quoted in the beginning of this opinion, we see that plaintiff Hinchman alleges conspiracy among the defendants, but alleges no material facts to support this. He alleges loss of property but does not list any items that belonged to him personally. Similarly, he fails to substantiate his allegations of loss of use of property. (The only property listed as missing is alleged to belong to HECMAC.)
As stated in Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980),
"* * * Although the correctness of the plaintiff's well pleaded allegations of fact is assumed, the correctness of its conclusions of law is not conceded for purposes of a ruling on an exception of no cause of action. * * *
"C.C.P. 891 provides that a petition `shall contain a short, clear, and concise statement of the object of the demand and of the material facts upon which the cause of action is based ...' From that language it is clear that a court when considering an exception of no cause of action must consider only the facts alleged by the plaintiff, and that a mere statement of a conclusion of law will not state a cause of action. * * *" 383 So.2d at 336.
We conclude that Hinchman's claims as to damages to which he is entitled personally amount to no more than an assertion of conclusions.
Under LSA-C.C.P. art. 934, however, when the grounds of the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. Because Hinchman may be able to amend his petition to allege material facts upon which to base a personal cause of action, we will remand to afford him that opportunity.
For the reasons assigned, the judgment of May 10, 1983 is amended to provide that only the suit of Marshall Hinchman, individually, is dismissed. The matter is remanded and the district court is ordered to allow plaintiff Marshall Hinchman, individually, an appropriate delay after this judgment *1318 becomes final to amend his petition to state facts supporting his individual cause of action. If plaintiff Hinchman fails so to amend, his case shall be dismissed.
Costs of this appeal are assessed equally among the parties. Assessment of other costs shall await final determination of the case.
AFFIRMED IN PART; AMENDED IN PART; AND REMANDED.