BOUTALL, Judge.
Plaintiff appeals the dismissal of her damage suit on exceptions of no cause of action and no right of action. At issue is whether the trial court erred in dismissing the action under the exclusivity provisions of the Workers’ Compensation Law, R.S. 23:1032, and in finding that Texaco, Inc. was plaintiff’s husband’s statutory employer, R.S. 23:1061. We reverse in part and affirm in part for the reasons set forth below.
Ella Mae Joseph filed this suit seeking damages for lack of consortium, service, and society under L.C.C. art. 2315 B stemming from an accident involving her husband. In her petition, she alleged her husband was employed by Barnard and Burk Plant Services (Barnard and Burk), doing maintenance work at Texaco’s plant in St. James Parish and during the course of that work was injured.
In response, Barnard and Burk filed exceptions of no cause of action and no right of action, alleging plaintiff’s husband had compromised a workers’ compensation claim with them and thus plaintiff was barred by the exclusivity provision of the Louisiana Workers’ Compensation Law in bringing this suit. Texaco also filed an exception of no cause of action. The exceptions were heard together, and judgment was rendered in favor of both defendants. Plaintiff now appeals that decision.
Two errors are assigned for our review: 1) the trial court erred in finding that Texaco was the statutory employer of plaintiff’s husband and 2) the trial court erred in holding that plaintiff’s cause of action under art. 2315 B was barred by the exclusivity provision of the Workers’ Compensation Act. To facilitate review, we will first consider the appeal against Barnard and Burk, then against Texaco.
BARNARD AND BURK
Appellant contests the trial judge’s ruling that her action under 2315 B is barred by R.S. 23:1032. L.C.C. art. 2315 B provides in part:
Art. 2315. Liability for acts causing damages; survival of action
A. Every act of whatever of man that causes damage to another obligates him by whose fault it happened to repair it.
B. Damages may include loss of consortium, service and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
* * * * * *
This article was amended by Act 1982, No. 202 to add paragraph B. By doing so it seems clear the legislature created an obligation on tort feasors for damages beyond those previously existing under the jurisprudence interpreting art. 2315.
R.S. 23:1032 provides in part:
Section 1032. Exclusiveness of rights and remedies; employers’ liability to prosecution under other laws.
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and *577 remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal ...
Article 2315 B gives an injured plaintiff the right to sue in tort for certain damages. This right is limited by the application of R.S. 23:1032 when an injured worker is entitled to compensation benefits. Then, he and his dependents are barred by 23:1032 from suing in tort for that same injury. His exclusive remedy is workers’ compensation; the same is true for his dependents. In that situation, there is no right of double recovery.
Turning to the instant case, it is clear plaintiff has no cause of action. It is alleged that her husband was employed by Barnard and Burk, and that he was injured in the course and scope of that employment. Her petition clearly alleges these facts, and because this matter is raised by an exception of no cause of action, we accept these allegations as true. Under these allegations, R.S. 23:1032 became applicable, and now bars this tort action.
For the foregoing reasons, the dismissal of this suit as it relates to Barnard and Burk on exceptions of no cause of action and no right of action is affirmed. TEXACO, INC.
Appellant also contests the trial judge’s determination that Texaco was her husband’s statutory employer, R.S. 23:1061. Texaco argued in support of its exception of no cause of action that it was the statutory employer of Mr. Joseph, and its liability, if any, was exclusively within the Workers’ Compensation Laws.
R.S. 23:1061 provides the following:
Section 1061. Principal contractor; Liability
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as a contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under the Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer. ..
******
In considering an exception of no cause of action, the exception must be decided solely on the face of plaintiff’s petition, and all well-pleaded allegations of fact must be taken as true. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). With this in mind, we note Texaco filed an affidavit and a copy of a maintenance agreement in support of its exception. While that may be proper in some other procedural context, it was improper here. To reiterate, a court may only consider the allegations made in a plaintiff’s petition in ruling on an exception of no cause of action.
We have examined plaintiff’s petition and find the allegations made therein, standing alone, are insufficient to justify the conclusion Texaco was the statutory employer of plaintiff’s husband. An employer is only a statutory employer where the work which has been contracted out is shown to be a regular part of his “trade, business, or occupation,” R.S. 23:1061: A reading of the petition, excerpted below, fails to reveal any such allegations. It seems in reaching the conclusion Texaco was plaintiff’s husband’s statutory employer, the trial court must have gone beyond the face of the petition and relied on the extraneous evidence. The petition reads in pertinent part:
******
*578 3.
On or about December 29, 1982, petitioner’s husband, Roy Joseph, was employed by Barnard and Burk Plant Services doing maintenance work at Texaco’s plant in the Parish of St. James.
4.
Sometime during the morning of December 29,1982, an explosion occurred at the Texaco plant which caused fire and disruption of work.
5.
After the fire was brought under control, petitioner’s husband was ordered to climb certain storage tanks to wash down said tanks to prevent further explosions.
6.
While petitioner’s husband was preparing to wash down said tanks, a second explosion occurred, this being in the afternoon of December 29, 1982 ...
7.
Petitioner’s husband was high above the ground when the second explosion occurred and was forced to run through a wall of fire to reach safety ...
* * * * * *
12.
At the time of his injuries, Roy Joseph, was employed by Barnard and Burk Plant Services and was directed to perform the duties which caused his injuries.
* * * * * *
In its brief, Texaco relies heavily on the argument that cases have established the rule that general maintenance work, which by its nature allows the smooth and continued operations of a principal’s business, is a part of the principal’s “trade, business, or occupation”, thus falling within the scope of 23:1061. See, e.g., Lewis v. Exxon Corp., 441 So.2d 192 (La.1983) at 198. Therefore, since plaintiff’s petition alleges Mr. Joseph was engaged in the performance of general maintenance work when injured, the trial court could have found as a matter of law that Texaco was Mr. Joseph’s statutory employer.
We do not agree. To the contrary, the petition shows plaintiff’s husband was not engaged in the performance of general maintenance work when he was injured; rather, he was injured while performing work in the course of an emergency — the explosion. We fail to see how work performed under these circumstances constitutes general maintenance work, but instead believe that the issue of statutory employment here must be resolved by a trial of the facts.
Accordingly, we hold the trial court erred in finding Texaco was plaintiff’s husband’s statutory employer. It may well be that the facts urged by exception beyond the allegations in plaintiff’s petition, if supplemented and proven, may lead to this conclusion. But in considering this exception of no cause of action, the allegations in the petition are simply insufficient and inadequate.
For these reasons, we reverse that part of the judgment maintaining Texaco’s exception of no cause of action, dismiss its exception, and remand the suit against Texaco for further proceedings.
The judgment is therefore affirmed as to Barnard and Burk Plant Services and reversed as to Texaco, Inc., and remanded.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.