471 So.2d 757 (1985)
Mona Rae Vincent THERIOT, Renee Benoit, Deidre Theriot, Shannon Theriot, Shane Theriot, Delaine Stephenson and Darren Theriot, Plaintiffs-Appellees,
v.
DAMSON DRILLING CORP., Damson Exploration Corporation, Damson Expropriation Funds, Inc., Damson Holding Corporation and Damson Oil Corporation, Defendants-Appellants.
No. 84-1123.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1985.
Writ Denied June 17, 1985.
Camp, Carmouche, Barsh, Hunter, Gray and Hoffman, Randy J. Fuerst, Lake Charles, for defendant-relator.
Jones, Jones and Alexander, J.B. Jones, Jr., Cameron, for plaintiff-respondent.
Sutherland & Juge, Denis Paul Juge, New Orleans, for respondent.
Before GUIDRY, STOKER and YELVERTON, JJ.
STOKER, Judge.
Does the immunity from tort liability provided in the Louisiana Worker's Compensation Law bar a consortium suit against the employer by the spouse and children of an employee injured under circumstances entitling him to compensation and medical benefits under the compensation law LSA-R.S. 23:1021-2001?
In order to consider this question we granted a writ on the application of the employer to review a ruling of the trial court which answered in the negative the question framed above. We reverse.

FACTS
According to plaintiffs' petition, Robert Daniel Theriot was injured on June 30, 1983 while in the employment of several corporations each including the word "Damson" in each company title and refferred *758 to collectively here as "Damson." Plaintiffs also sued Robert Woodard and Glenn Parker, alleged co-employees of Damson. The petition alleges that Robert Daniel Theriot "was severely burned while in the course and scope of his employment for Damson on the company premises while in the process of burning trash." Plaintiffs also allege that Robert Daniel Theriot was injured because of the negligence of the defendants.
Plaintiffs are the wife and children of Robert Daniel Theriot and assert a loss of consortium claim under the right of action created in 1982 by amendment to Article 2315 of the Louisiana Civil Code. Act No. 202 of the 1982 Session of the Louisiana legislature.
Prior to that time Louisiana legislation provided for no such right of action, and the jurisprudence had consistently denied that such an action existed. Plaintiffs admit in their petition that the claim of Robert Daniel Theriot against the defendant is governed by the Louisiana Worker's Compensation Law.

ISSUE
The defendants filed an exception of "no right and no cause of action" on the grounds that under Louisiana law plaintiffs' claims are barred by the exclusive remedy provisions of the Worker's Compensation Law, LSA-R.S. 23:1032. Plaintiffs argue that the exception has no validity because their tort claim is not the injured employee's claim and has nothing to do with the compensation law. This issue did not arise in previous years because parties related to an injured worker had no claim for loss of society, service or consortium because of the injury to the employee. Plaintiffs argue that when the legislature amended LSA-C.C. art. 2315 it meant to grant a separate right in favor of the employee's family independent of and unaffected by the Worker's Compensation Law.
All the legislature did in 1982 was to add the following to Article 2315 designated as paragraph B:
"B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person."
Those persons "who would have had a cause of action for wrongful death of an injured person" are provided for in paragraph D of Article 2315. (The present version of Article 2315 is included at the end of this opinion as an appendix.)
Concededly, if Mr. Theriot had died as a result of his injuries, the plaintiffs could not have recovered under Article 2315 for his wrongful death or the survivorship action provided by that article. They would have been relegated to such rights as they may have under the Worker's Compensation law. See Malone and Johnson, Louisiana Civil Law Treatise, Worker's Compensation, Section 366 (Vol. 14). On its face, therefore, the legislature did not intend to grant an action for loss of consortium, service and society because of injuries to an employee covered by worker's compensation. The act explicitly states that such damages "shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person."
Despite the explicit language referred to above, the trial court overruled the defendants' exceptions;[1] thus the trial court held that plaintiffs' tort claims were not barred by the exclusive remedy provisions of the Louisiana Worker's Compensation Law. The trial court ruled from the bench and the following are the pertinent portions of *759 his comments given in support of his ruling:
"... I'm going to try as much as possible to sidestep all of the policy considerations, because those are the considerations legitimate to a legislative inquiry and only to be pursued by the Court if it is not clear what the legislature has enacted. Of course, I wish I had been with the committee that put this language together. I think it could have been ... Well, I think we all could have made it somewhat clearer. But this is what we have. Louisiana has enacted a new cause of action, quite distinct from those which existed before; in fact, probably in reaction to the case which stated that no loss of consortium action existed in Louisiana law. Now we have one. The claimant for this loss can bring a suit against any person, real or fictitious, unless an immunity exists. The immunity which has been raised in this question is that granted to an employer by R.S. 23:1032. In looking at the language of that statute note that it refers to the rights and remedies granted to an employee or his dependent, for which he is entitled to compensation. The employee is not the plaintiff in this suit. The plaintiffs may be dependents of the injured employee, but the loss for which recovery is sought is not provided for in the compensation plan. Thus the exclusivity does not bar the consortium claim. To use some of the key words which have been devised to focus in on the issue, this is a distinct loss. It is not derivative of any injury which the employee received, and it is not his cause. Since there is no immunity under the law, then the case can proceed. Nothing is barred. The exception is overruled."
From the above it is clear that the trial court accepted plaintiffs' position that the consortium claim, not being the worker's claim, was outside the bar of the exclusive remedy provision of the compensation law. Our brothers of the Court of Appeal for the Fourth Circuit have considered and rejected a similar claim in Joseph v. Texaco, Inc., Etc., 466 So.2d 575 (La.App. 4th Cir. 1985). We agree with the position taken in the Joseph case.
LSA-R.S. 23:1032 provides in pertinent part:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease."
The plaintiffs, defendants in exception, suggest that the definition of the term "dependent" contained in the definition section of the Louisiana Worker's Compensation Law, LSA-R.S. 23:1021 (paragraph 4) in some way provides them an escape from the force and effect of the exclusive remedy provision found in LSA-R.S. 23:1032. As defined under definitions, dependent "means the person or persons to whom, under the provisions of Part II of this Chapter [which relates to benefits], compensation shall be paid upon the death of the injured employee." (Emphasis added) Plaintiffs focus on the words "upon the death" of the injured employee as meaning that in Section 1032 the exclusive remedy provision does not apply to non-death situations, that is, where the employee is merely injured and incapacitated. We reject this argument as we are not persuaded by it.
While the plaintiffs' argument that their newly created action for consortium, service and society is theirs and, not the injured worker's action, may seem attractive, the principle has been rejected long ago. As is well understood, the typical worker's compensation law, of which Louisiana's statute is one, is a compromise of legal rights for the purpose of arriving at a socially desirable result of a compromise nature. There is no need to trace here the give and take nature of the legislation. To *760 allow the claim of plaintiffs would make a serious inroad into the essential nature of the worker's compensation scheme.
In fact, the theories similar to those of plaintiffs were long ago rejected in other contexts. Claims of relatives of a deceased worker who were given no compensation rights were excluded from bringing wrongful death actions against the employers. Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942). See also Hawkins v. Employers Casualty Company, 177 So.2d 613, writ refused, 248 La. 429, 179 So.2d 272 (1965) and Dozier v. J.A. Jones Construction Company, Inc., 587 F.Supp. 289 (U.S. D.Ct.,E.D.La.1984).
No harsh result is occasioned by the ruling adopted here. The dependent families of injured workers receive compensation if the worker's injury caused death. Likewise, if death does not result, the dependents benefit from weekly worker's compensation benefits paid the injured worker, together with payments of medical benefits.
For the foregoing reasons we do not believe it was the intention of the Louisiana legislature to upset the traditional balance between tort remedies and the worker's compensation scheme when it enacted the consortium statute. As we stated in the beginning, we think the words of LSA-C.C. art. 2315 are clear and explicit on this point.
In connection with our consideration of this matter on writs, counsel for the parties have furnished us with excellent and extensive briefs and so have counsel for amicus curiae. We acknowledge the assistance derived from these briefs and have noted the many important points made in those briefs. That our opinion may not be as extensive and searching as these briefs should not be taken as a lack of consideration of the points raised in argument. It is our opinion that what we have expressed in this opinion adequately justifies the result we reach on the important question involved.
For the foregoing reasons the judgment of the trial court is reversed. It is therefore now ordered, adjudged and decreed that the exceptions filed herein by defendants are sustained and plaintiffs' action is dismissed at their costs, both at the trial level and in this appeal.

REVERSED AND CASE DISMISSED.

APPENDIX
Art. 2315. Liability for acts causing damages; survival of action
A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
C. (1) The right to recover damages to property caused by an offense or quasi-offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
(2) As used in this Paragraph, property damages may include expenses or monetary obligations necessarily incurred by the obligee on account of such offense or quasi-offense; however, if the obligee is survived by any beneficiary enumerated in the following Paragraph of this Article, such expenses or obligations shall be recoverable by said beneficiaries.
D. (1) The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(a) The surviving spouse and child or children of the deceased, or either such spouse or such child or children;
(b) The surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and
(c) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
*761 (2) The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased.
(3) A right to recover damages under the provisions of this Paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
E. As used in this Article, the words "child", "brother", "sister", "father", and "mother" include a child, brother, sister, father, and mother, by adoption, respectively.
NOTES
[1] Technically exceptors filed what they styled "Exception of No Right or Cause of Action" in which they allege that the petition "fails to state a cause and/or right of action under Louisiana law as plaintiffs' claims are barred by the exclusive remedy provisions of Louisiana Statute [sic] 1032...." The trial court merely overruled "the exception." We think the issues are clear without academic discussion of the differing purposes and rules relating to the two exceptions.