593 So.2d 981 (1992)
Vivianne KORSON & Gloria Winn, d/b/a Weber Home Improvements of New Orleans
v.
INDEPENDENCE MALL I, LTD., Burrus Investment Group, Inc., et al.
No. 91-CA-382.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 1992.
*982 John A.E. Davidson, Metairie, for plaintiffs-appellants.
Stephen W. Rider and Kim M. Boyle, McGlinchey, Stafford Cellini & Lang, P.C., New Orleans, for defendants-appellees.
Before BOWES and DUFRESNE, JJ., and FINK, J. Pro Tem.
*983 ELORA C. FINK, Judge Pro Tem.
This is a suit for breach of a written lease of commercial property, in which the plaintiffs-lessees appeal a judgment dismissing defendant Burrus Investment Group, Inc. with prejudice on an exception of no cause of action. At issue is whether the allegations of the petition state a cause of action against Burrus as the lessor of the property at the time in question. We affirm, for the reasons that follow.
The plaintiffs/appellants, Vivianne Korson and Gloria Winn d/b/a Weber Home Improvements, leased commercial space at a Metairie shopping center. This suit arose out of the plaintiffs' complaints that their lease was breached by noise and damage resulting from construction work by another tenant in the building; they had previously filed a separate action for injunction that resulted in issuance of a temporary restraining order against the lessors. The matter was resolved by a consent judgment which limited the scope and nature of the noise and construction, while the parties reserved their rights to seek damages later.
Independence Mall I, Ltd., however, then filed eviction proceedings against the plaintiffs, forcing them out of their mall occupancy. The plaintiffs subsequently filed the instant suit.
According to the petition filed October 31, 1990, on August 8, 1986 the plaintiffs entered into a written lease agreement with the then-owner of the mall, Executive Office Centers, Inc., for commercial space known as Suite PP2-PP3 at the Independence Mall shopping center in Metairie, Louisiana. Executive Office Centers subsequently underwent bankruptcy and the property was acquired by Independence Mall I, Ltd./Burrus Investment Group.
On or about April 21, 1988, the plaintiffs and Independence Mall I, Ltd. entered into a ratification of the previously existing lease, whereby Independence Mall became the new landlord, by the terms of a letter of that date in which the plaintiffs and Independence Mall agreed to accept a previously-existing lease on the premises and adopted it as the appropriate contract between the parties for occupancy of the premises.
On August 9, 1988, the lease again was amended, but that amendment was executed by Burrus through its officers. On August 8, 1989 there was an additional amendment made, in which Independence was again listed as the lessor.
As a result of the various documents listing Burrus and/or Independence Mall as lessors, in this suit filed on October 31, 1990 the plaintiffs named both entities as lessors bound by the obligations attendant thereto.
The plaintiffs alleged further that defendants Independence, Burrus, and/or Big Holding Corporation entered into a lease with Chili's, Inc., which resulted in a wholesale reconstruction of the bottom floor of Independence Mall; that these reconstruction activities disrupted their conduct of business on the premises and interfered with their right to quiet possession; and that the defendants had full knowledge of the plaintiffs' request for relief, yet ignored their obligation. Claiming that the defendants' conduct amounted to a breach of their obligations to the plaintiffs, the plaintiffs seek dissolution of the lease and damages for its breach.
Defendant Burrus filed a peremptory exception of no cause of action, arguing that Burrus is not a party to the lease and thus cannot be liable for a breach of the lease. Burrus asserted further that plaintiff alleged insufficient facts under which Burris could be deemed an alter ego of the co-defendant lessor, Independence Mall.
On February 20, 1991, the trial court rendered judgment granting Burrus' exception and dismissing plaintiffs' claim against it with prejudice, hence this appeal.
An exception of no cause of action must be decided solely on the face of the petition, and all well-pleaded allegations of fact must be taken as true. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983); Joseph v. Texaco, Inc., 466 So.2d 575 (La.App. 5 Cir.1985). No evidence other than the pleadings and attachments thereto may be accepted for purposes of *984 the exception of no cause of action. Bank of St. Charles v. Eris, 477 So.2d 847 (La. App. 5 Cir.1985).
An exception of no cause of action tests the legal sufficiency of the pleadings; well-pleaded facts are taken as true, and every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the litigant the opportunity to present his evidence. Dixie Federal Sav. and Loan Ass'n v. Pitre, 498 So.2d 112 (La.App. 5 Cir.1986).
Although the correctness of the plaintiff's well-pleaded allegations of fact is assumed, the correctness of its conclusions of law is not conceded for purposes of ruling on an exception of no cause of action. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980); Hinchman v. Oubre, 445 So.2d 1313 (La.App. 5 Cir.1984).
Challenged pleadings should be accorded every reasonable interpretation in favor of maintaining their legal sufficiency, thus giving the litigant an opportunity to present evidence. Fernandez v. Clearview Dodge Sales, Inc., 437 So.2d 1188 (La.App. 5 Cir.1983). Under the Code, when grounds of a peremptory exception may be removed by amendment of petition, judgment sustaining the exception shall order such amendment within the delay allowed by the court. Hinchman v. Oubre, supra. However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act. Louisiana & So. Life Ins. v. New Orleans S.S., 384 So.2d 594 (La.App. 4 Cir.1980).
Here, the suit is for breach of a lease agreement; thus, the petition must allege facts sufficient to establish contractual privity with the defendant Burrus. We find the petition, on its face, fails to state a cause of action.
The only allegations plaintiffs made to establish privity of contract with Burrus were that Burrus had executed an amendment of the original lease on August 9, 1988, and that, "as a result of the insertion of Burrus Investment Group, Inc. and/or Independence Mall as lessors of plaintiffs, plaintiffs name both entities as lessors with the attendant obligations thereto." Even taking these facts as true, we cannot find that plaintiffs have stated a claim for breach of contract against Burrus.
The petition further alleges that Independence, Burrus, and Big Holding Corporation operate as one entity by virtue of the fact that their officers appear to be the same and they all engaged in the management and operation of Independence Mall. This allegation fails to state a cause of action against Burrus as an "alter-ego" of Independence, however.
A corporation is a separate legal entity distinct from its officers, stockholders, agents, employees or representatives. Cefalu v. N. Cefalu Company, 253 So.2d 547 (La.App. 1st Cir.1971). The "alter ego" doctrine usually is applied when individuals seek to use the corporate entity to avoid personal responsibility for debts or obligations of a corporation owned by them. Muller v. Ramar, Inc., 427 So.2d 625 (La.App. 5th Cir.1983), writ denied, 433 So.2d 1051. Under certain circumstances a court may "pierce the corporate veil" to find the individual shareholders liable.
Absent fraud or deceit, however, the corporate entity is disregarded and the shareholders held liable only where the totality of the circumstances clearly indicates that the shareholders and the corporation were acting as one. West Bldg. Materials, Inc. v. Daley, 476 So.2d 554 (La.App. 3rd Cir.1985). Proper factors to consider in such a determination are commingling of corporate and shareholder funds, failure to follow the statutory formalities for incorporation and transaction of corporate affairs, failure to provide separate bank accounts and records, and failure to hold regular shareholders or directors meeting. Id.
Only exceptional circumstances warrant the radical remedy of piercing the corporate veil. Landry v. St. Charles Inn, Inc., 446 So.2d 1246 (La.App. 4th Cir.1984). *985 The courts will not deprive several corporations of their distinct identities merely because those corporations have stockholders and officers in common. Id.
The fact that a person is an officer, director and stockholder of a corporation does not by itself make that corporation the alter ego of that person. * * * By analogy, the fact that a person is an officer in both a corporation and an unincorporated association does not make the corporation an alter ego of the association. * * *
G.I.'s Club of Slidell v. Am. Leg. Post 374, 504 So.2d 967 (La.App. 1st Cir.1987).
Thus, the allegations against Burrus fail to state a cause of action to pierce the corporate veil.
Despite giving every reasonable interpretation to the petition's allegations in an attempt to maintain its legal sufficiency against Burrus, we find it fails to state any cause of action against that defendant. Further, there is no ground to believe that the legal insufficiency of the cause of action can be removed by amendment of the petition.
We need not address the additional issues raised by the appellantsthat the August 8, 1989 lease amendment is ambiguous or may not have been an actual lease amendment and that it was executed by Independence Mall I as agent for Burrus because they are moot, absent a finding that the plaintiffs have stated a cause of action against Burrus.
For the foregoing reasons, we affirm the judgment of the district court granting Burrus' exception of no cause of action. Costs of this appeal are assessed against the appellants.
AFFIRMED.