STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-303

ANTHONY DESHOTEL, ET AL

VERSUS

GUICHARD OPERATING COMPANY, INC.

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 78,315
HONORABLE HERMAN CLAUSE, PRESIDING

**************
SYLVIA R. COOKS
JUDGE
**************

Court composed of Ulysses Gene Thibodeaux, Sylvia R. Cooks, and Billy H. Ezell, Judges.

AFFIRMED.

Thibodeaux, J., dissents and assigns written reasons.

J. Bryan Jones, III
P.O. Drawer 1550
Cameron, Louisiana 70631
(337) 775-5714
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Anthony Deshotel, et al

Joel E. Gooch
Mr. Raymond C. Jackson, III
Allen & Gooch
P.O. Drawer 3768
Lafayette, Louisiana 70502
(337) 291-1210
COUNSEL FOR DEFENDANT/APPELLEE:
    Guichard Operating Company, Inc.

COOKS, Judge

## STATEMENT OF THE CASE

On February 26, 2001, Ray Deshotel was killed while engaged in the course and scope of his employment with Guichard Operating Company, Inc. (Guichard). Mr. Deshotel was a passenger in a vehicle owned by Guichard and driven by an employee of Guichard. While driving in the parking lot of Guichard, the brakes on the vehicle failed. Mr. Deshotel jumped out of the vehicle. The vehicle subsequently ran over him and he died as a result of the injuries received in the accident. The Plaintiffs are all major non-dependent children of Mr. Deshotel. They filed a wrongful death claim against Guichard, Mr. Deshotel's employer, under La.Civ. Code art. 2315.2. Guichard filed a Motion for Summary Judgment alleging the Plaintiffs' claim is barred by provisions La.R.S. 23:1032, La.R.S. 23:1231, and La.R.S. 23:1251of the Louisiana Workers' Compensation Act (the Act). The trial court granted Guichard's Motion for Summary Judgment and dismissed the claim. Plaintiffs contend the recent Louisiana Supreme Court case of *O'Regan v. Preferred Enterprises, Inc.*, 98-1602 (La. 3/17/00), 758 So.2d 124, permits a wrongful death claim, under Louisiana Civil Code Article 2315.2, by the non-dependent children of an employee against the employer. We disagree. For the reasons assigned below, we affirm the judgment of the trial court.

## LAW AND DISCUSSION

The Louisiana Workers' Compensation Act provides the exclusive remedy against an employer for injury or death of an employee. La.R.S. 23:1032 provides in relevant part:

> A. (1)(a) Except for intentional acts provided for in Subsection B, *the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages,* including but not limited to punitive or exemplary damages, unless such rights, remedies,

2

and damages are created by a statute, whether now existing or created in the future, expressly establishing same *as available to such employee, his personal representatives, dependents, or relations,* as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

(Emphasis added.)

If an injury falls within the scope of the Act, the amount of recovery due to an employee or "his personal representatives, dependents, or relations", is determined by its provisions. *Atchison v. Atchison*, 201 La. 1003, 10 So.2d 785 (1942). Death benefits to "personal representatives, dependents, or relations" of an employee are governed by La.R.S. 23:1231 of the Act which provides in relevant part:

A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.

Legal dependents of an employee are defined in La.R.S. 23:1251, which provides in relevant part:

The following persons shall be *conclusively presumed* to be wholly and actually dependent upon the deceased employee:

(1) A surviving spouse upon a deceased spouse with whom he or she is living at the time of the accident or death.

(2) A child under the age of eighteen years (or over eighteen years of age, if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the injury of the parent, or until the age of twenty-three if enrolled and attending as a full-time student in any accredited educational institution.

(Emphasis added)

Those claimants not conclusively presumed to be dependent on the employee must prove dependency by a preponderance of the evidence before recovery is allowed. *See, Ceco Concrete Constr., L.L.C. v. Pennington*, 01-1945 (La.App. 1 Cir. 10/2/02), 836 So.2d 164.

3

The case before us highlights a potential anomaly in the law. Under the express provisions of the Act, if an employee is killed on the job, has no surviving spouse and no legal dependents, there is no recovery for wrongful death against his employer.[1] The early Louisiana Supreme Court case of *Atchison*, 10 So.2d 785, is illustrative.

In *Atchison,* Henry Knight was killed while engaged in "an admittedly hazardous occupation" in the course and scope of his employment as a result of being burned by steam which escaped from a defective stationary engine. He had no wife and no legal dependents. Plaintiffs, Ethel Atchison and Edman Knight, were the surviving sister and brother of Henry Knight and brought suit, under La. Civ. Code art. 2315, against Henry's employer to recover for the wrongful death of their brother. It was undisputed they were not financially dependent on Henry for support. The district court dismissed the suit holding the Workers' Compensation Act was the exclusive remedy for death benefits against the employer. The appellate and supreme court affirmed. The court cited the exclusivity provision of the Act and reasoned as follows:

> The foregoing mandate of the Legislature is explicit and affords a full answer to the proposition advanced by the Plaintiffs in this case. It is conceded by the Plaintiffs that their deceased brother was employed by the defendant in a hazardous occupation and that he met his death as a direct result of an accident which occurred while he was engaged in the course and scope of his employment. Therefore, it follows that, as to the employee, the provisions of the compensation law were applicable since, in the absence of a special agreement of employment to the contrary, it was presumed under the law that the parties to the contract of employment were to be governed by the provisions of the act. This contract of employment became binding not only upon the employer and employee but equally so upon 'his widow, and relatives, personal representatives, heirs, and dependents * * *' as stated in paragraph 1 of section 3 of the above-quoted statute and operated as a complete surrender by those persons of all their rights against the employer for compensation or damages other than that provided by the act. The

---

[1] In this case, Mr. Deshotel was survived by his wife, Mary Janise Deshotel, who is currently receiving workers' compensation benefits from Guichard Operating Company, Inc.

restriction of the rights and remedies to those granted under the compensation law is made absolute by the provisions of section 34 of the act with respect to the employee, his personal representatives, dependents, 'relations, or otherwise.'

*Id.* at 787.

Once the injury falls within the purview of the Act, its provisions become binding not only upon the employer and employee, but equally binding on the employee's "personal representatives, dependents, or relations." *See* La.R.S. 23:1032(A)(1)(a). Since the Plaintiffs in *Atchison* could not establish dependency, there was no recovery under the Act.

We note the legislature did effect a change in the law with respect to recovery by non-dependent parents of an employee. Prior to 1980, *Miller v. Lambert*, 380 So.2d 695(La.App. 4 Cir. 1980), represented the state of the law.

In *Miller*, an eighteen-year old maintenance worker was electrocuted when he cut into a high voltage wire when attempting to repair an air conditioning vent. His parents filed a wrongful death and survivorship action against their son's employer. The appellate court held the parents' exclusive remedy against the employer is under the Workers' Compensation Act. However, the court found his parents failed to establish actual dependency and were not entitled to death benefits under the Act as it existed at the time. In 1980, the Louisiana legislature amended the Workers' Compensation Act to specifically provide for the recovery by non-dependant parents of an employee. La.R.S. 23:1231(B)(2) now provides in relevant part:

> [I]f the employee leaves no legal dependents entitled to benefits under any state or federal compensation system, the sum of seventy-five thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases.

The rationale for this change was articulated by the Louisiana Supreme Court in *Sherman v. Cabildo Constr. Co.,* 490 So.2d 1386 (La. 1986), as follows:

5

> Because compensation is an exclusive benefit which bars recovery in tort, Act 509 of 1980 was enacted to give a lump sum benefit to surviving nondependent parents. The legislation resulted from the inequity of denying death benefits for a worker without dependents, despite his or her parents' substantial economic investment in upbringing and education and the windfall to the employer and/or insurer.

*Id*. at 1388.

We recognize the same windfall exists to the employer and/or insurer for the death of an older widowed employee with grown non-dependent children. The Plaintiffs contend *O'Regan v. Preferred Enterprises, Inc*., 98-1602(La. 3/17/00), 758 So.2d 124, changed the law and now permits a cause of action in tort against the employer when the Act provides no compensation for a class of litigants. We disagree. *O'Regan* permits an employee to pursue a tort action against the employer only when the injury suffered is not within the scope of the Act. *O'Regan* recognized a "conceptual distinction" between "injuries which do not come within the Act's coverage provisions and injuries which are covered, but for which no compensation is payable." *Id*. at 137. When the injury or death is within the course of employment, the provisions of the Act preempt an employee's common law rights. *Id*. at 137.

The facts in *O'Regan* are as follows. Michelle O'Regan was employed by Preferred Enterprises, d/b/a Number One Cleaners from July 1990 through November 1990, less than twelve months. Her duties required her to remove spots by rubbing methoxyethanol into the clothing with her bare hands. In 1993, after she left Preferred Enterprises, she was treated for myelodysplasia, a form of aplastic anemia, which causes the bone marrow to produce abnormal cells. The disease is caused by exposure to toxic chemicals and may take several years to manifest itself. She filed a workers' compensation claim against Preferred Enterprises' contending her exposure to methoxyethanol caused her anemia. The hearing officer denied Ms. O'Regan's claim finding she did not meet the heightened burden of proof (overwhelming

preponderance of the evidence) under the Act and therefore failed to overcome the statutory presumption that her disease was non-occupational because she was employed by Preferred Enterprises' for less than twelve months. Ms. O'Regan then filed a tort action against her employer. The district and appellate court denied Preferred Enterprises motion to dismiss the plaintiff's case. The Louisiana Supreme Court affirmed. The court found since Ms. O'Regan was employed for less than twelve months and her illness was presumed to be outside the scope of the Act, she was permitted to pursue a claim in tort against her employer.

Plaintiffs also rely on *Walls v. American Optical Corp*, 98-0455 (La. 9/8/99), 740 So.2d 1262 (La.1999). In *Walls,* George Walls was employed as a sandblaster for Land & Marine and Coastal from 1964 to 1970 where he was exposed to silica dust. Mr. Walls contracted silicosis and died on March 17, 1995. His survivors filed a survival and wrongful death suit against the executive officers of his employer. The executive officers of Land & Marine filed a motion for summary judgment asserting the Plaintiffs exclusive remedy for wrongful death was under the Workers' Compensation Act. Prior to the 1976 amendment to the Workers' Compensation Act, the survivors of an injured worker could bring a survival action and a wrongful death action against the executive officers of a company. The amendment provided compensation under the Act was the exclusive remedy not only against the employer but also against any "principal, officer, director, stockholder, partner or employee of the employer or principal." La.R.S. 23:1032(A)(1)(a). The purpose of the 1976 amendment was to broaden the class of defendants who were immune from tort suits. The Supreme Court held since the Plaintiffs wrongful death action arose upon the death of the employee, after the effective date of the amendment, Plaintiffs wrongful death action was barred. We fail to see how *Walls* supports the position of the Plaintiffs.

7

Plaintiffs contend their wrongful death claim is an independent cause of action and not a derivative one, i.e., a survival action. Plaintiffs rely on *Theriot v. Damson Drilling Corp.,* 471 So.2d 757(La.App. 3 Cir.) *writ denied*, 472 So.2d 907 (La.1985) to support their position. In *Theriot,* the wife and children of an injured employee brought an action in tort for loss of consortium against the employer. The Plaintiffs argued that their tort claim for loss of consortium was an independent cause of action, not the injured employee's claim, and, therefore, not barred by the provisions of the Workers' Compensation Act. This court held the injury fell within the scope of the Act and, therefore, Plaintiffs claim was barred. This court stated:

> Concededly, if Mr. Theriot had died as a result of his injuries, the Plaintiffs could not have recovered under Article 2315 for his wrongful death or the survivorship action provided by that article. They would have been relegated to such rights as they may have under the Worker's Compensation law. See Malone and Johnson, *Louisiana Civil Law Treatise*, Worker's Compensation, Section 366 (Vol. 14). On its face, therefore, the legislature did not intend to grant an action for loss of consortium, service and society because of injuries to an employee covered by worker's compensation. The act explicitly states that such damages "shall be recoverable by the *same respective categories of persons who would have had a cause of action for wrongful death of an injured person.*"

*Id.* at p. 758. (emphasis in original).

In this case, Plaintiffs seek to distinguish their wrongful death claim from the loss of consortium claim in *Theriot*. We cannot make that distinction. Plaintiffs wrongful death claim is based on an "accident arising out of and in the course of" Mr. Deshotel's employment with Guichard which brings it squarely within the scope of the Workers' Compensation Act. La.R.S. 23:1031(A). The Act provides the exclusive remedy against the employer for any claims for damages. La.R.S. 23:1032. While we recognize the inequity Plaintiffs complain of may result in the potential windfall to the employer or insurer, change in this area must come from the legislature not the judiciary. Therefore, we affirm the decision of the trial court dismissing Plaintiffs'

8

claim.

## DECREE

Based on the foregoing review of the evidence, the decision of the trial court granting Guichard's Motion for Summary Judgment is affirmed. All costs of this appeal are assessed to Plaintiffs.

**AFFIRMED.**

ANTHONY DESHOTEL, ET AL.

VERSUS

GUICHARD OPERATING COMPANY, INC.


THIBODEAUX, J., dissenting.


A basic tenet of statutory interpretation is that laws should be applied as written. Further,

> The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting it. The statute must therefore be applied [and] interpreted in a manner which is consistent with logic and the presumed fair purpose and intention of the legislature in passing it.

*City of Pineville v. American Federation of State, County, and Municipal Employees, AFL-CIO, Local 3352*, 00-1983 (La. 6/29/01), 791 So.2d 609, 612 (citations omitted).

The structure of the workers' compensation laws was designed as a trade-off to the employer and employee. Under this quid pro quo arrangement, the employer was afforded the advantage of reduced benefits to the employee and immunity from tort. The employee was relieved of the obligation of proving delictual fault. In this case, the major non-dependent children of the decedent do not have the benefit of this compromise. They are not receiving anything in return for reduced benefits or the freedom from proving negligence or fault. Indeed, they are getting

nothing in return. The intent of the legislature is being subverted by the majority's refusal to allow a tort-based cause of action against the decedent's employer.

Louisiana Revised Statutes 23:1032(A)(1)(a) specifically provides for "the rights and remedies herein granted to an *employee* or his *dependent* on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this statute, shall be exclusive of all other rights, remedies, and claims for damages . . . ." The plaintiffs in this case are neither employees nor dependents. Additionally, La.R.S. 23:1231 specifically refers to the "legal dependent" of an employee. The Workers' Compensation Act *does not address* major, non-dependent children of a decedent. The Act, therefore, does not apply. The Act does not mention nor does it exclude "non-dependent" major children who have claims for wrongful death and survival damages. Certainly, if this class of major, non-dependent children was excluded under the Act, then their injuries are subject to the exclusivity provisions of the Act itself. That is not the case here. See, e.g., *Hunt v. Milton J. Womack, Inc.*, 616 So.2d 759 (La.App. 1 Cir.), *writ denied*, 623 So.2d 1309 (La.1993).

Judicial decisions are not intended to be an authoritative source of law in Louisiana; they are secondary to legislation. *See* A.N. YIANNOPOULOS, LOUISIANA CIVIL LAW SYSTEM, § 35, p. 53 (1977). Since the Workers' Compensation Act does not foreclose a remedy to major, non-dependent children, we must look elsewhere for an authoritative source permitting such a remedy. Those authoritative sources are La.Civ.Code arts. 2315 and 2316. The Louisiana Supreme Court has eloquently stated:

> Under these articles the courts of this state have been given a broad, general principle of legislative will under which we are required to determine when the interest of society is best served by allowing the act of man which causes harm to be accepted as a proper standard of conduct

2

> or when society is best served by requiring one who harms another to respond in damages for the injury caused. See Malone, Nuisance and Fault, 8 La.L.Rev. 248. Our common law neighbors are required, conversely, to begin with the jurisprudence arising out of specific circumstances and to draw from this jurisprudence a general principle to govern future determinations. It has been said: " * * * The merit of the civilian general principle lies in the fact that the principle is wider than the cases decided and that hence it has within itself the potentiality of growth." Stone, Tort Doctrine in Louisiana, 17 Tul.L.Rev. 159, 166.

*Langlois v. Allied Chemical Corporation*, 249 So.2d 133, 137 (La.1971).

In affirming the trial court and denying a remedy to major, non-dependent children, the majority has unnecessarily foreclosed a legitimate remedy. Indeed, its observation that "change in this area must come from the legislature, not the judiciary" is ironic. It implies that we cannot usurp a legislative function by grafting a judicial remedy for this particular class of denied individuals. However, the legislature has not excluded this class. To the contrary, the majority has judicially excluded the class where the legislature has chosen not to act. The majority should heed the dictate of Article 1, § 22 of our Constitution which provides that "every person shall have an adequate remedy by due process of law and justice." We should heed the sage advice of *Marbury v. Madison*, 5 U.S. 137, 147 (1803) that "[i]t is a settled and invariable principle, that every right, when withheld, must have a remedy, and every injury is proper redress," and that "[t]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." *Id*. at 163. Finally, "[t]he government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right." *Id*. Our Civil Code has furnished a remedy in this case and the Workers' Compensation Act has not limited that remedy for this vested legal right.

We should heed the lessons of our Civil Code, our Constitution, and *Marbury v. Madison* and allow a remedy in tort for major, non-dependent children of a decedent who died in the course and scope of his employment.

For the foregoing reasons, I respectfully dissent.