616 So.2d 759 (1993)
James M. HUNT, et al.
v.
MILTON J. WOMACK, INC., et al.
No. CA 92 0227.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
Rehearing Denied April 28, 1993.
Donald W. Price, Baton Rouge, Patrick W. Pendley, Plaquemine, for appellant, James M. Hunt.
Scott Shea, New Orleans, for appellee, Milton J. Womack, Inc.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
The plaintiff appeals a judgment which sustained the defendants' peremptory exception raising the objection of no cause of *760 action. The defendants maintain that the trial court was correct in finding that the petition failed to state a cause of action in tort since the plaintiff's exclusive remedy is in worker's compensation.

Factual Background
Plaintiff, James M. Hunt, was employed by the defendant, Milton J. Womack, Inc., as a carpenter. In the summer of 1990, the company was engaged in the construction of a chemical plant. In late August, plaintiff performed his duties during extremely hot weather in a pit that was under construction. The workers were not allowed any breaks other than a lunch break and no circulation was provided in the pit. On August 30, 1990, the plaintiff collapsed on the work site, and it was later determined that he had suffered a myocardial infarction, or heart attack. While he was hospitalized, it was discovered that plaintiff had been suffering from arteriosclerosis (hardening of the arteries) and that this condition contributed to the heart attack.

Procedural Background
In January, 1991, the plaintiff and his wife[1] filed this action in district court against the employer, and its insurer, alleging that the plaintiff's heart attack was caused by the employer's negligence in failing to provide a safe work place for his workers. The employer filed an exception of no cause of action claiming that any tort claim had by the plaintiff against his employer was barred by the exclusive remedy provisions of the Worker's Compensation Act. The plaintiffs then filed an amending petition alleging that the plaintiff had been suffering from arteriosclerosis, and that this preexisting condition predisposed the plaintiff to a heart attack under extremely stressful conditions. After a hearing, the trial court, without reasons, sustained the exception.

Exception of No Cause of Action
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. Kuebler v. Martin, 578 So.2d 113 (La.1991).

The Plaintiff's Petition
The plaintiff's original petition alleged that he was employed by the defendant as a carpenter; he had to perform his duties in hot, debilitating conditions; he suffered a heart attack on the job; and the heart attack was caused by the negligence of his employer. Plaintiff's amended petition further alleged that plaintiff had a preexisting condition (arteriosclerosis) which predisposed him to a heart attack under conditions of extreme stress. Does this petition state a cause of action?

Worker's Compensation Act
Compensation, when regarded from the viewpoint of employer and employee represents a compromise in which each party surrenders certain advantages in order to gain others which are of more importance to him and to society. The employer gives up the immunity he otherwise would enjoy in cases where he is not at fault, and the employee surrenders his former right to full damages and accepts instead a more modest claim for bare essentials, represented by compensation. W. Malone & H. Johnston, Worker's Compensation Law and Practice § 32, 13 Louisiana Civil Law Treatise (1980). Thus, pursuant to LSA-R.S. 23:1031(A), an employer must pay compensation to any "employee not otherwise eliminated from the benefits of this Chapter" who "receives personal injury by accident arising out of and in the course of his employment." The employer's tort immunity is provided in LSA-R.S. 23:1032(A)(1)(a) as follows:
The rights and remedies herein granted to an employee ... on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies *761 of such employee ... for said injury, or compensable sickness or disease.... (emphasis added).
Therefore, if a petition alleges a compensable injury, sickness or disease, the employee's exclusive remedy is in worker's compensation, and the employer enjoys tort immunity. Conversely, if a petition alleges a noncompensable injury, sickness or disease, the exclusive remedy provisions do not apply, and the employee may have a cause of action in tort.
Prior to legislative amendments enacted during the 1988-1989 term, an employee was entitled to compensation under the act if he received a "personal injury by accident arising out of and in the course of his employment." LSA-R.S. 23:1031. "Injury" and "personal injuries" were defined in the act to include "only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom." LSA-R.S. 23:1021(7). "Accident" was defined as an "unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury." LSA-R.S. 23:1021(1). Based on these limitations, on-the-job heart attacks were found to satisfy the statutory requirements of "personal injury by accident" and were compensable under the act as long as the plaintiff could prove a causal relation between his employment and the heart attack. See Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626, 632 (La.1982). In its most recent pronouncement on the subject, our supreme court held that causation was proved with evidence that the stress of the employee's job was greater than the stress of the employee's non-employment life. See Carruthers v. PPG Industries, Inc., 551 So.2d 1282 (La.1989).
However, 1989 La.Acts No. 454, § 1, effective January 1, 1990, amended the worker's compensation act by specifically providing for heart attacks as follows:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
LSA-R.S. 23:1021(7)(e). Therefore, in order for a heart attack to be compensable under the act, clear and convincing evidence of the above two factors is required. Plaintiff's amended petition alleges that preexisting arteriosclerosis was the predominant and major cause of his heart attack. Taken as true, (see Kuebler, 578 So.2d at 114) the allegations of the petition negate the requirement of section (e)(ii) of the statute and thus, the petition alleges a noncompensable injury.[2] Since the injury alleged by plaintiff is not one "for which he is entitled to compensation under this Chapter," the exclusive remedy provisions of the worker's compensation act do not apply, and the plaintiff may have a cause of action in tort.[3]See Spillman v. South Central Bell Telephone Company, 518 So.2d 994 (La.1988) (per curiam).
The defendants argue that the amendments to worker's compensation relating to heart attacks were a legislative response to *762 the "liberal" trend reflected in the Carruthers case, and that the purpose of the statute was only to re-establish an objective standard for heart attack cases and thereby create a heavier burden of proof for recovery under the act. This may well have been the legislative intent. However, the statutes are clear and unambiguous, and their application does not lead to absurd consequences; therefore, we must apply them as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; Ramirez v. Fair Grounds Corporation, 575 So.2d 811, 813 (La.1991). If the legislature erred in expressing its intention, it is not our function to correct such an error. See Rada v. Administrator, Division of Employment Security, State, Department of Labor, 319 So.2d 460, 463 (La.App. 4th Cir.), writ denied, 323 So.2d 128 (1975).
For the foregoing reasons, the judgment of the trial court, dismissing plaintiff's petition is reversed, and this matter is remanded to the trial court. Defendants are assessed costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Gertie C. Hunt joined suit seeking damages for loss of consortium, loss of society and services as a result of her husband's heart attack.
[2] Evidently, the defendants do not dispute that the criteria of 23:1021(7)(e) have not been met. A petition filed in the Office of Worker's Compensation denied any liability under the act, on the part of Hunt's employer, based on the fact that the required criteria for compensation was not satisfied.
[3] Of course, the plaintiff will still have to prove the necessary elements of his cause of action, including causation, in order to recover damages in tort. Furthermore, at the trial on the merits, defendants may offer clear and convincing evidence to satisfy the criteria of 1021(7)(e) and bring the heart attack within the scope of the act; however, such evidence is not under consideration in a no cause of action.