626 So.2d 440 (1993)
Ernest COSSÉ
v.
ORLEANS MATERIAL AND EQUIPMENT.
No. 93-CA-0266.
Court of Appeal of Louisiana, Fourth Circuit.
October 28, 1993.
Writ Denied January 28, 1994.
*441 Eugene W. Policastri, New Orleans, for plaintiff-appellant Ernest Cosse.
Blondeau, Caire & Gregorie, Philip G. Caire, Peter A. Kopfinger, Baton Rouge, for defendant-appellee Orleans Materials and Equipment.
Before KLEES, ARMSTRONG and JONES, JJ.
KLEES, Judge.
Plaintiff appeals the Office of Workers' Compensation's judgment denying him workers' compensation benefits. After reviewing the record and applicable law, we affirm.
Plaintiff, Ernest Cosse, sued defendant, Orleans Materials and Equipment, for workers' compensation benefits after suffering a heart attack. Plaintiff was employed at Orleans Materials as a steel "layout and fitter" from April 1989 to July 1991. Plaintiff's work area, Bay 4, performed miscellaneous duties which occasionally included the use of a maul to shape steel. Dr. Incaprera's report indicated that at about 5:30 a.m. that morning, an hour and a half before reporting to work, plaintiff experienced queasiness in his stomach and pains in his chest and left arm. Plaintiff's doctor testified that the above were definitely symptoms of a heart attack. At 7:15 a.m., while using a maul at work, plaintiff experienced the symptoms again and was brought to a hospital. Plaintiff, who smoked one to two packs of cigarettes a day, had a pre-existing heart condition and suffered from mild hypertension and borderline diabetes.
The Hearing Officer entered judgment in favor of defendant, thereby denying plaintiff workers' compensation benefits. Plaintiff argues on appeal that the Hearing Officer abused his discretion under La.R.S. 23:1021(7)(e) and that La.R.S. 23:1021(7)(e) is unconstitutional.
La.R.S. 23:1021(7)(e) provides:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this chapter unless it is demonstrated by clear and convincing evidence that:
(i) the physical work stress was extraordinary and unusual in comparison to the *442 stress or exertion experienced by the average employee in that occupation, and
(ii) the physical work stress or exertion, and not some other stress or pre-existing condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
The Hearing Officer did not abuse his discretion in applying the above statute. Sufficient evidence exists to support the Hearing Officer's finding that plaintiff did not demonstrate by clear and convincing evidence that plaintiff's work stress was extraordinary and unusual in comparison to that of the average layout and fitter. Every testifying employee from Orleans Materials stated that fitters in Bay 4 use a maul depending on the nature of the project. Plaintiff testified that he had used a maul in the past.
Plaintiff also did not prove by clear and convincing evidence that his work stress or exertion was the predominant and major cause of his heart attack. Plaintiff's doctor testified that he could not be sure that plaintiff's work was the major cause of the attack because plaintiff was experiencing pain before he went to work. Plaintiff should not recover workers' compensation benefits for an illness which began at home.
Plaintiff's claim that the Hearing Officer construed La.R.S. 23:1021(7)(e) in a strict manner, thereby abusing his discretion, is without merit. Nothing in the record suggests that the Hearing Officer gave the statute anything but a fair interpretation. Plaintiff's assertion that the Hearing Officer's application of the statute would preclude every heart attack victim from recovering workers' compensation benefits is false. Plaintiff's case would be stronger had his pains begun at work. In the instant case, however, Orleans Materials should not pay benefits for health complications that began in plaintiff's bed.
Plaintiff's assertion that La.R.S. 23:1021(7)(e) is unconstitutional is also without merit. Persons with heart conditions are not members of a suspect class entitled to strict scrutiny. Furthermore, no fundamental right has been impinged in the instant case. The statute satisfies the legitimate state interest of compensating only those employees who suffer heart attacks as a result of factors related to their work.
For the foregoing reasons, the judgment of November 19, 1992, denying plaintiff workers' compensation benefits is affirmed.
AFFIRMED.