1CANNELLA, Judge.
Plaintiff, Etta D. Harold, appeals from the judgment of the Office of Worker’s Compensation (OWC), dismissing her claim for worker’s compensation against defendant, her employer, La Belle Maison Apartments. For the reasons which follow, we affirm.
Plaintiff, a 56 year old woman, had been employed by defendant as a maintenance worker at the two hundred twenty unit apartment complex for fifteen years. Plaintiffs work consisted of moving refrigerators and other appliances, climbing on roofs, doing electrical and plumbing repairs, among other things. She was the senior of four maintenance workers at the apartment complex and in charge of delegating duties to the other three.
On August 28, 1991, she suffered a heart attack and has not been able to work since that time. She arrived at work on that day at 7:15 a.m. During the morning she was involved in outdoor chores. She went home for lunch at noon and returned to work at 1:00 p.m. At that time she resumed her *997 outdoor chores by removing grass from the cracks in the sidewalk with a shovel. ^She testified that it was extremely hot that day. At approximately 2:00 p.m. she began to suffer pains in her chest. Plaintiff quit working and went into the office restroom to put water on her face. Upon exiting the restroom, she encountered the office manager, A1 Gasaway. Plaintiff testified that she told Gasaway that she was having pains in her chest. Gasaway testified that plaintiff told him she was having stomach pains. Gasaway suggested that she sit in the air-conditioned office. About ten minutes later, Gasaway gave a work order to the security guard, Steve Turner, to give to plaintiff. The work order involved repair of a toilet and dishwasher in a second floor apartment. Upon receiving the work order, plaintiff left the office, still in pain, to do the work. Turner accompanied plaintiff on her work^ assignment. She began feeling worse but completed both repairs. Turner brought her to her own apartment and she blacked out. Turner called an ambulance and plaintiff arrived at the hospital at about 4:30 p.m. Plaintiff was diagnosed as having sustained a myocardial infarction or heart attack. She suffered serious damage to her heart muscle which was increased by the delay between the onset of the coronary involvement and her arrival at the hospital for treatment, a period of about two and one-half hours. Dr. David Snyder provided the only medical testimony. He stated that plaintiff should not “engage in a job that would keep her physically active for a substantial portion of the day.” He also stated that plaintiff should discontinue any type of maintenance work, even with a helper.
On May 8, 1992, plaintiff filed a disputed claim with OWC. Trial was held on April 8, 1993. On June 28, 1993, OWC, through hearing officer Delos Johnson, rendered judgment dismissing plaintiffs claim. In the reasons for judgment, the hearing officer found that plaintiffs heart attack was not compensable under La.R.S. 23:1021(7)(e), as amended in 1989, because her work stress was not extraordinary in comparison to the stress of ^average maintenance workers and it was not established by clear and convincing evidence that the physical work stress and not some other pre-existing condition was the predominant cause of her heart attack. Plaintiff appealed.
In 1989 the legislature amended La.R.S. 23:1021 of the Worker’s Compensation Law, effective January 1, 1990, by adding Subpar-agraph (7)(e), which provides:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is dem'onstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
This amendment was in effect on the date plaintiff suffered her heart attack and is, therefore, the applicable law in the case. Hill v. L.J. Earnest, Inc., 568 So.2d 146 (La.App. 2nd Cir.1990), writs denied, 571 So.2d 652 (La.1990). It imposes a more stringent test for recovery than was previously set out in our jurisprudence. See, e.g., Carruthers v. PPG Industries, Inc., On Rehearing, 551 So.2d 1282 (La.1989); Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982). First, a standard of clear and convincing evidence is imposed rather than the previous standard, a preponderance of the evidence. Second, the worker must demonstrate that the physical work stress experienced was “extraordinary and unusual” in comparison to that experienced by the average employee in that occupation, rather than as previously compared to stress in a non-employment setting. And finally, the amendment added the requirement that the worker establish that the physical work stress “and not some other source of stress or preexisting condition” was “the predomi *998 nant and major cause” of the heart related or perivascular injury, illness or death.
uPIaintiff argues that the hearing officer erred in finding that she had not met her burden of proof under the new statutory provision. Essentially, she contends that being required to continue to work after the onset of her symptoms, with a heart attack in progress, was “extraordinary” within the meaning of the provision and this extraordinary physical work stress was the predominate cause of her resulting disability. Therefore, she meets the prerequisites for recovery set out in the statute and should not have been denied worker’s compensation. We disagree.
The amendments to La.R.S. 23:1021, effective January 1, 1990 and applicable to this case, were intended to and in fact do impose more stringent requirements for recovery in heart attack and perivascular cases than were previously imposed. The cases interpreting these provisions are sparse. Charles v. The Travelers Ins. Co., 627 So.2d 1366 (La.1993); Cosse v. Orleans Material and Equip., 626 So.2d 440 (La.App. 4th Cir.1993); Johnson v. Petron, Incorp., 617 So.2d 1358 (La.App. 3rd Cir.1993), writs denied, 623 So.2d 1338 (La.1993); Hunt v. Womack, Inc., 616 So.2d 759 (La.App. 1st Cir.1993), writs denied, 623 So.2d 1309 (La.1993); Fullerton v. Monroe Trucking Co., 612 So.2d 1028 (La.App. 2nd Cir.1993), writs denied 616 So.2d 699 (La.1993). However, in all but one, Johnson, worker’s compensation benefits were denied because the stringent requirements of La.R.S. 23:1021(7)(e) had not been met.
In Johnson, plaintiff was awarded worker’s compensation benefits after suffering a heart attack on the job, because his duties were extraordinary compared to other workers in his occupation and “the only doctor testifying stated that the heart attack was caused by the work and not by the underlying disease.” We can reach neither factual conclusion on the record before us in this case.
There is absolutely nothing in this record to indicate that the duties that plaintiff was performing on the day of her heart Isattack were in any way extraordinary or unusual in comparison to those of the other maintenance employees. While there was testimony that plaintiff often did perform extraordinary tasks in her job, like single-handedly carrying a refrigerator down a flight of stairs, there was no evidence that her tasks that day were unusual. In the morning she did some outside clean-up maintenance. And at the time of the onset of her symptoms she was scraping weeds from the cracks of the sidewalk with a shovel. She thereafter repaired a flapper in a toilet and cheeked a broken dishwasher. There was no indication that these tasks were in any way outside the realm of normal activities required of the other maintenance workers at the complex.
Furthermore, the medical testimony did not indicate that the work stress was the predominate cause of the heart related injury. To the contrary, there was evidence that she had a family history of coronary artery disease, that she was a heavy smoker and her cholesterol level was high. She had significant blockage in at least four of her arteries. Even after the artery causing the heart attack was opened with medication, it had a ninety-five percent narrowing in it. Plaintiff underwent quadruple by-pass surgery after this incident. The treating physician stated, concerning the cause of the heart attack:
Oh, she was going to have this heart attack; why it happened, when it happened is anybody’s guess; but it would have happened sooner or later anyway. She had significant fixed blockage in two major arteries, as well as side branch arteries; and one of those was destined to close off as hers did; and it could have happened shovelling grass out of the sidewalk, or making the bed at home, or sleeping.
Therefore, based on the record before us, and the law as amended in 1990, which increased the requirements on workers in order to obtain recovery in heart attack cases [1] *999 we find that | ¡¡plaintiff has not met her burden of proving, by clear and convincing evidence, that her physical work stress was extraordinary and unusual as compared to that of her fellow workers and that the physical work stress and not a pre-existing condition was the predominant cause of her heart attack.
Accordingly, for the reasons stated above, we affirm the decision of the OWC hearing officer, dismissing plaintiff claim.

AFFIRMED.

WICKER and BOWES, JJ., concur.
liBOWES, J., concurs, for the reasons assigned by WICKER, J.

. As noted by the Louisiana Supreme Court in Charles, supra, although the Legislature intended to increase plaintiffs burden of proving a compensation claim for heart attack cases, it may have, correspondingly, had the unintended effect of exposing some employers to the more finan- *999 dally harsh tort liability for those cases now excluded from compensation coverage.