|1LABORDE, Judge.
Claimant appeals a hearing officer’s finding that his heart attack was not work-related and that he was therefore not entitled to worker’s compensation benefits. We affirm, finding no error in the hearing officer’s conclusions.
FACTS
Claimant, Jerry Barton, suffered a heart attack on February 28, 1992. At the time of the attack, Barton was a 41 year old employed by Texas Industries [1] as a mechanic working on heavy construction machinery.
When he arrived at work on February 28, 1992, Barton complained of an upset stomach. He later ate lunch with his co-workers, hoping that lunch would calm his stomach. During the afternoon, while pulling a hydraulic motor off of a |2cement mixer, he experienced severe arm and chest pain. He then told a co-worker, Sherman Delrie, and his supervisor, Jim Fountain, of his complaints and then went home to lie down.
Later in the afternoon, when his chest pains did not subside, Barton drove himself to the emergency room. Dr. Wallace Reynolds, the emergency room physician, stated that Barton was complaining of a pressure-type sensation in the chest, both shoulders and arms.
Barton was later admitted to the hospital for observation, and his condition was monitored over the weekend. Dr. Reynolds ordered a cardiac consultation to determine the source of Barton’s problems. On March 2, 1992, Dr. Joseph Landreneau performed a heart catheterization and discovered that Barton had suffered a mild heart attack. Landreneau subsequently performed a balloon angioplasty to open the right coronary artery.
Barton filed a claim with the Office of Worker’s Compensation for compensation benefits. Barton’s employer, Texas Industries, denied the accident was work-related and refused to pay worker’s compensation benefits.
The parties agreed to four stipulations before trial:
1. Claimant was employed as a lead mechanic for Texas Industries in Alexandria, Louisiana on or about February 28, 1992. At that time, claimant’s average weekly wage was $406.00 per week;
2. Texas Industries is self-insured;
3. Claimant’s rate of worker’s compensation benefits was $270.80 per week based on an average weekly wage of $406.00; and
4. No worker’s compensation benefits, medical or otherwise, have been paid.
After a hearing held January 26, 1994, the hearing officer found that claimant was not entitled to worker’s compensation benefits, because claimant had Rfailed to meet his burden of proof under R.S. 23:1021(7)(e).
Plaintiff appeals, asserting three assignments of error:
1. The hearing officer erred in failing to find that Jerry Barton suffered a compen-sable heart attack while on the job.
2. The hearing officer erred in failing to find that the claimant, Jerry Barton, was totally and permanently disabled.
3. The hearing officer erred in failing to award penalties and attorney’s fees.
Assignments of Error Numbers One and Two
In his first two assignments of error, plaintiff claims the hearing officer erred in finding his heart attack was not work-related and therefore that he is not entitled to worker’s compensation benefits. The hearing officer, *395 in her reasons for judgment, found as follows:
In order to prevail in a worker’s compensation action, seeking benefits as a result of a heart-related or perivascular injury, the plaintiff must satisfy the requirements of La.R.S. 23:1021(7)(e), which states:
(e) Heart related or perivascular injuries. A heart related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
Plaintiff argues that he had experienced extraordinary and unusual stress in comparison to other heavy equipment mechanics by showing that he was a lead mechanic with additional responsibilities than the other mechanics, that he was lifting weight beyond that shown in his job description, that he was working outside in a less desirable place, and that he was not using a fork lift [sic] or other mechanical assistance in lifting the motor he was working on. ^Furthermore, the plaintiff suggests that the medical evidence established the physical work stress as the predominant cause of his heart attack, since the doctors acknowledge that this work stress could have led up to or precipitated the attack.
Defendant, on the other hand, argues that the plaintiff has failed to meet his burden of proof with regard to any of the elements set forth in La.R.S. 23:1021(7)(e). Texas Industries asserts that the plaintiffs job is the same as that of any other heavy equipment operator. This was substantiated by the testimony of the other mechanics working for the defendant and the lack of any evidence otherwise as to other heavy mechanics industry wide. Additionally, defendants contend that the plaintiff had a history of past high blood pressure, past smoking, prior stress and anxiety, at risk family history, and plaque build up, all of which provided causes of the attack equally as probable as the physical work stress. The defendant suggests that the medical deposition testimony reflects a possibility of the work stress causing or leading up to the attack, but falls short of the statutory requirement that the physical work stress be the predominant major cause of the heart attack.
The court finds that Mr. Barton has failed to meet his burden of proof. The evidence, particularly the testimony of the two co-workers, negates Mr. Barton’s contention that he had “extraordinary or unusual” physical work stress. There was no evidence that Mr. Barton’s physical demands were any different than the average heavy equipment mechanic. No evidence substantiated that the amount of lifting performed by Mr. Barton was greater on average than that of other mechanics working on heavy motors and equipment.
Furthermore, the deposition testimony of Dr. Michael Menache, internal medicine physician, showed that the physical work stress could have led up to the heart attack or might have been a cause of the attack. He acknowledged that it was impossible to pin down the cause of the attack and declined to state that the physical requirements of the job was [sic] the major cause of the attack. Such testimony falls short of the statutory requirements.
Dr. Joseph Landreneau, cardiologist, testified by deposition that statistically the most likely cause of the attack was plaque build up [sic]over time. He stated that he could not provide an opinion as to the predominant or major cause of the heart condition, only that the job demands could have been a major precipitating factor. Again, the testimony fails to meet the burden of clear and convincing evidence. Fullerton v. Monroe Trucking Co., 612 *396 So.2d 1028 (La.App. 2 Cir.1993); Johnson v. Petron, 617 So.2d 1358 (La.App. 3 Cir.1993); Cosse v. Orleans Material & Equipment, 626 So.2d 440 (La.App. 4 Cir.1993).
The plaintiff having failed to establish that his physical work stress was extraordinary and unusual in comparison with other heavy equipment mechanics, or that the physical work stress was the predominant and major cause of the heart attack he suffered on February 28, 1992, his claim for worker’s compensation benefits is denied and dismissed, at his cost.
|5In Husbands v. Kiper, 93-1200 (La.App. 3 Cir. 5/4/94), 640 So.2d 540, claimant was a truck driver who was changing a tire on his truck on a hot day in May when he suffered a stroke. The hearing officer found that he was not entitled to benefits. This court affirmed, finding as follows:
The medical evidence overwhelmingly indicates that there is no possible way to determine exactly what caused Husbands’ stroke. Husbands was at risk to suffer a stroke due to hypertension, high cholesterol, lesions in his heart, and the fact that he had been a smoker for several years. All doctors agreed that overexertion at work on a hot day might have contributed to Husbands suffering a stroke on that day if it had made his blood pressure increase. However, no doctor was certain as to what caused the stroke except for Dr. Nicholls who felt it was due to a preexisting condition. The hearing officer was not clearly wrong in determining that Husbands failed to prove by clear and convincing evidence that the physical work stress and not some other source of stress or a preexisting condition was the predominant and major cause of the stroke.
This finding alone is sufficient to find claimant failed to meet his burden of proof, but we also note that the evidence reveals that the stress experienced by Husbands was not extraordinary and unusual in comparison to the physical work stress experienced by the other drivers. Charles, 627 So.2d at 1372.[2] The testimony of several of the other drivers and Kiper reveals that the workers were specifically paid to service their trucks. This included changing the tires. On the day of his stroke, Husbands was not doing anything differently than any other driver had done, except for Tullís, who because of a disability only fueled his truck while the other drivers serviced his truck for him.
Husbands at 5, 640 So.2d at 543 (footnote added).
Similarly, in the present case, Barton was unable to satisfy his burden of proof under R.S. 23:1021(7)(e). The testimony of Barton’s co-workers, Sherman Delrie and Ronnie Guidry, demonstrated that the physical work stress of Barton’s job was not extraordinary and unusual. In fact, Delrie and Guidry testified that Barton’s duties were exactly the same as their own. Barton did not perform any duties which were physically more strenuous than any other employee in the same | eposition. Additionally, neither of Barton’s treating physicians could say with any certainty that Barton’s job duties were the precipitating cause of his heart attack. Therefore, we agree with the hearing officer’s conclusions.
Assignment of Error Number Three
Plaintiffs final assignment of error alleges that the plaintiff is entitled to penalties and attorney’s fees for Texas Industries’ failure to pay worker’s compensation benefits. Since we have concluded that plaintiff is not entitled to worker’s compensation benefits, we will not address this assignment of error.
DECREE
The judgment of the trial court is affirmed. Costs assessed to plaintiff-appellant, Jerry Barton.
AFFIRMED.
KNOLL, J., dissents and assigns reasons.

. In brief, defendant states that Texas Industries does business in Louisiana as Louisiana Industries, but is referred to by both names in the record. We will refer to the defendant as Texas Industries, for consistency with the caption of the case.

. Charles v. Travelers Ins. Co., 627 So.2d 1366 (La.1993).