I2CANNELLA, Judge.
Plaintiff, Jorge A. Galeano, appeals from a judgment rendered in favor of defendant, Glazer Steel and Aluminum (Glazer), dismissing his claim for worker’s compensation benefits upon finding that his heart attack is not compensable under the Workers’ Compensation law. For the reasons which follow, we affirm.
Plaintiff was an employee at Glazer on August 5,1991, when he suffered chest pains which later were determined to be from a heart attack. Plaintiff was employed in a janitorial position at the time of his heart attack and had held that position for about six months prior to the date of the heart attack. Before that he worked as a crane operator.
On the day of the heart attack, plaintiff arrived at work at 7:00-a.m. Before leaving work for the hospital, plaintiff had cleaned two offices, |8operated the vacuum cleaner, picked up trash and moved some boxes. He stated that he felt some pain in his chest while using the vacuum. He rested and then finished. While moving the boxes, he stated that he felt a sharp chest pain. He went to the warehouse, started sweeping and felt stronger pains. As the pains got stronger, plaintiff told his supervisor that he wanted to go to the hospital. A co-worker drove plaintiff to Charity Hospital.
Plaintiff was diagnosed as having suffered a heart attack. In stable condition on the following day, plaintiff was transferred to Hotel Dieu Hospital. He remained hospitalized until August 12, 1991, a period of seven days. Thereafter, plaintiff contacted Glazer *1186 to have it pay a cardiologist to treat him. Glazer sent plaintiff to Dr. John Phillips for an examination. Glazer refused any worker’s compensation payments because it claimed that plaintiffs heart attack was not covered by the worker’s compensation law. Plaintiff filed suit against Glazer.
The original trial of this matter was conducted on September 29, 1992. The hearing officer rendered judgment after trial, finding that plaintiffs heart attack was not a com-pensable illness or injury under the worker’s compensation law. Plaintiff filed a motion and order for appeal from this judgement. The order was signed on July 7, 1993. It was later determined by the appeal court that the trial transcript could not be located. This court then issued an order remanding the case to the worker’s compensation office “for the trial court to take the action necessary to complete the appellate record.” Plaintiffs counsel refused to stipulate to facts or testimony. Accordingly, testimony was taken on July 31,1995[^from the witnesses of the previous trial, in an effort to reconstruct the original trial record. However, Dr. Phillips, the employer’s physician who examined plaintiff, died after testifying at the trial but before the hearing to reconstruct the record. Therefore, the only thing from Dr. Phillips in the record is his medical report which, in trial, had been received into evidence. There was no new judgment issued, since the case was only remanded to reconstruct the missing transcript. The case is now back before this court on appeal.
Plaintiff assigns two errors on appeal. First, plaintiff argues that the hearing officer erred in permitting the medical report from Dr. Phillips to be included as part of the record in the case. Plaintiff argues that, because he was not able to cross-examine Dr. Phillips (deceased), his medical report should not have been allowed as evidence. We disagree.
First, it must be understood that the remand was only to reconstruct the record which had been lost. It was not a new trial. The medical report in question was introduced into evidence at the first trial, when Dr. Phillips testified[1]. In allowing the report into evidence on remand, the hearing officer was only reconstructing what had already been done. There was no new judgment entered in the case. The judgment was entered by the hearing officer at the close of the trial in 1993, not upon completion of the reconstruction of the record.
Furthermore, after reviewing the entire record, we find that the report by Dr. Phillips was largely a synopsis of the other medical records from |5Charity Hospital and Hotel Dieu Hospital. Thus, even without Dr. Phillips’ report, there is record evidence of plaintiffs pre-heart attack hypertension, high cholesterol, high glucose levels, cigarette smoking and family history of heart disease. Accordingly, we find no merit to plaintiffs argument that the hearing officer erred in allowing the medical report to again become part of the record on remand.
Plaintiffs main argument on appeal is that the hearing officer erred in holding that plaintiffs heart attack was not compensable. Plaintiff argues that, he did not have any heart problems prior to this incident. Plaintiff also argues that absent the medical report of Dr. Phillips, there is no evidence in the record to support Glazer’s refusal to pay workers’ compensation benefits. Therefore, plaintiff argues that the judgment should be reversed. We disagree.
La.R.S. 23:1021(7)(e), sets out the requirements for asserting a successful claim for workers’ compensation benefits, with respect to heart related injuries or illnesses, as follows:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to *1187 the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
[ 6This provision, added by La.Aet. No. 454, § 1, of 1989, became effective January 1, 1990. It imposes a more stringent test for recovery than was previously set out in our jurisprudence. See, e.g., Carruthers v. PPG Industries, Inc., On Rehearing, 551 So.2d 1282 (La.1989); Guidry v. Stine Industrial Painters, Inc., 418 So.2d 626 (La.1982). First, a standard of clear and convincing evidence is imposed rather than the previous standard, a preponderance of the evidence. Second, the worker must demonstrate that the physical work stress experienced was “extraordinary and unusual” in comparison to that experienced by the average employee in that occupation, rather than as previously compared to stress in a non-employment setting. And finally, the amendment added the requirement that the worker establish that the physical work stress “and not some other source of stress or preexisting condition” was “the predominant and major cause” of the heart related or perivascular injury, illness or death.
Plaintiff argues that the hearing officer erred in finding that his claim was not com-pensable under this statute because the record evidence is not sufficient to support the judgment. However, we find that plaintiffs argument lacks merit, because the statute places the burden of proof on plaintiff to establish by clear and convincing evidence, the compensability of the illness or injury.
The amendments to La.R.S. 23:1021, as cited above, were intended to, and in fact do, impose more stringent requirements for recovery in heart attack and perivascular cases than were previously imposed. The cases interpreting these provisions are increasing in number. Harold v. La Belle \^Maison Apartments, 94-0889 (La. 10/17/94), 643 So.2d 752; Charles v. The Travelers Ins. Co., 627 So.2d 1366 (La.1993); Harge v. MCC Specialty Contractors, Inc., 94-790 (La.App. 5th Cir. 2/15/95), 650 So.2d 425; Cosse v. Orleans Material and Equip., 626 So.2d 440 (La.App. 4th Cir.1993); Johnson v. Petron, Incorp., 617 So.2d 1358 (La.App. 3rd Cir. 1993), writ denied, 623 So.2d 1338 (La.1993); Hunt v. Womack, Inc., 616 So.2d 759 (La. App. 1st Cir.1993), writ denied, 623 So.2d 1309 (La.1993); Fullerton v. Monroe Trucking Co., 612 So.2d 1028 (La.App. 2nd Cir. 1993), writ denied 616 So.2d 699 (La.1993). However, recovery is rare. In all but two of the cases, Harold and Johnson, worker’s compensation benefits were denied because the stringent requirements of La.R.S. 23:1021(7)(e) had not been met.
In Harold, the Supreme Court reversed both lower court rulings, holding that the employee did engage in extraordinary and unusual work stress and exertion in comparison to other employees in that occupation when she was required by her employer to continue working after complaining of chest pains, i.e. working during a heart attack.
In Johnson, plaintiff was awarded worker’s compensation benefits after suffering a heart attack on the job, because his duties were extraordinary compared to other workers in his occupation and “the only doctor testifying stated that the heart attack was caused by the work and not by the underlying disease.”
In this case we can reach neither factual conclusion on the record before us. Plaintiff did not meet the first prong of the statutory requirements for recovery, i.e. that the physical work stress was | «extraordinary or unusual, much less the second prong involving the contested medical report by Dr. Phillips.
There is absolutely nothing in this record to indicate that the duties that plaintiff was performing on the day of his heart attack were in any way extraordinary or unusual in comparison to those of the other janitorial employees. Plaintiff testified that the work that he was performing on the day of his heart attack was the same work that he had been performing for the last six months as a janitor at Glazer. In brief, plaintiff argues that the stress he was under six months earlier while working on the crane was excessive. However, that allegation is not substantiated by the record. Therefore, we find that plaintiff has not met his burden of proof *1188 under the first prong of the requirements set out in La.R.S. 23:1021(7)(e) for compensability of a heart related injury or illness. Plaintiff has shown no error in the hearing officer’s ruling finding his injury not covered by the worker’s compensation law.
Thus, even without considering the medical issue, plaintiff has not established, by clear and convincing evidence, his entitlement to worker’s compensation benefits under the law. The medical evidence, of record even without Dr. Phillips’ report, simply adds another ground for finding that plaintiffs injury is not compensable. The medical evidence did not indicate that work stress was the predominate cause of the heart related injury. To the contrary, there was evidence that plaintiff had high blood pressure, high cholesterol, high glucose levels and blockage of the arteries. These are all factors which can directly cause a heart attack and are in no way related to plaintiffs work.
| [Therefore, based on the record before us and the law as amended in 1990, which increased the requirements on workers in order to obtain recovery in heart attack cases, we find that plaintiff did not meet his burden of proving, by clear and convincing evidence, that his physical work stress was extraordinary and unusual as compared to that of fellow workers in that occupation and that the physical work stress and not a pre-exist-ing condition was the predominant cause of his heart attack.
Accordingly, the judgment of the hearing officer, finding that plaintiffs claim is not compensable under the worker’s compensation law, is affirmed. Costs of appeal are assessed to plaintiff.

AFFIRMED.

. In oral argument in this court, plaintiff contends for the first time, that he objected to the introduction of this medical report into evidence in the original trial. This argument was not presented in brief to this court and defense counsel makes a contrary assertion.